**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auction Direct Transport LLC, | No. CV-25-01405-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| BR1 Logistics LLC, et al., | |
| Defendants. | |

Plaintiff Auction Direct Transport, LLC ("Plaintiff") has filed a Motion to Seal documents designated as confidential. (Doc. 21). Remaining Defendant Gonzalez, who has not yet appeared in this matter, has not filed a response and the time to do so has expired. Plaintiff avers that the Declaration of Craig Bramer in support of Plaintiff's Motion for Default Judgment as to David Gonzalez (Doc. 22) contains sensitive, non-public information. (Doc. 21 at 2). The Court will grant the Motion.

It is long established that the public has a "general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For this reason, the party seeking to file a document under seal "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To meet this burden, the moving party must supply the court with "compelling reasons supported by factual findings." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see also Tammy Taylor Nails, Inc. v. Viljoen*, 2025 WL 1756384, at *3 (S.D. Cal. June 25, 2025) (stating

1  that a "more rigorous" compelling reasons standard applies to motions to seal documents
2  relating to a motion for default judgment) (citation omitted). Mere allegations of
3  confidentiality, "without any further elaboration or any specific linkage [to] the
4  documents," do not satisfy this burden. *Kamakana*, 447 F.3d at 1184. Additionally,
5  potential risk of "embarrassment, incrimination, or exposure to further litigation will not,
6  without more, compel the court to seal [the] records." *Id.* at 1179.

7  According to Plaintiff, the Declaration in support of its Motion for Default Judgment
8  contains detailed historical sales data and profit amounts. (Doc. 21 at 2). It also states that
9  the information is not publicly available as Plaintiff has "limited the dissemination of this
10  information to only [those] within [Auction Direct Transport, LLC]" on a need-to-know
11  basis. (*Id.*) It argues that such disclosure of this confidential information could be exploited
12  by competitors to the detriment of Plaintiff's business. (*Id.*) Plaintiff contends that these
13  reasons are compelling enough to justify granting the Motion as they "outweigh the public
14  policies generally favoring disclosure." (*Id.*) Additionally, Plaintiff points out that the
15  specific information derived from these documents is "not necessary for the public to
16  understand the legal issues . . . o[f] the instant motion, nor are they necessary to understand
17  the basis for the Court's ultimate decision on this motion." (*Id.* at 3).

18  The Court has reviewed Plaintiff's Declaration of Craig Bramer and the attached
19  exhibit and finds it proper to seal the documents. It is apparent these documents contain
20  sensitive information regarding Plaintiff's detailed financial records that could be
21  exploited. (Doc. 22; Doc. 22-A at 5–6). This type of business information is sufficient to
22  justify sealing the documents. *See Nixon*, 435 U.S. at 598 (stating that courts refuse to
23  "permit their files to serve as . . . sources of business information that might harm a
24  litigant's competitive standing").

25  Accordingly,
26  / / /
27  / / /
28  / / /

1   **IT IS ORDERED** that Plaintiff's Motion to Seal (Doc. 21) is **GRANTED**. The
2   Clerk of Court is kindly directed to file Plaintiff's unredacted declaration (Doc. 22) and
3   attached exhibit (Doc. 22-A) under seal.
4   Dated this 22nd day of July, 2025.

*[Signature]*

Honorable Diane J. Humetewa
United States District Judge